Steven L. Marchbanks, Esq., Bar No. 214686
steve@premierlegalcenter.com
PREMIER LEGAL CENTER, A.P.C.
1055 Torrey Pines Road, Ste 205
La Jolla, CA 92037
Telephone:  (619) 235-3200
Facsimile:   (619) 235-3300

Attorney for Plaintiff
YIFTACH TAL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| YIFTACH TAL, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC, , a Delaware limited liability company, and DOES 1 through 10, inclusive,<br><br>    Defendants. | **CASE NO:**<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES, RESTITUTION AND DEMAND FOR JURY TRIAL**<br><br>**1.  Breach of State Express Warranty (Song-Beverly Consumer Warranty Act, *Civil Code* §1791)**<br><br>**2.  Breach of State Implied Warranty (Song-Beverly Consumer Warranty Act, *Civil Code* §1791)**<br><br>**3.  Breach of Express Warranty (Magnusson-Moss Federal Warranty Act)**<br><br>**4.  Breach of Implied Warranty (Magnusson-Moss Federal Warranty Act)** |

Plaintiff Yiftach Tal, an individual, (referred to herein as "Plaintiff") files this Complaint and alleges as follows:

### THE PARTIES

1. Plaintiff is a resident of the City of Sherman Oaks, Los Angeles County, California.

2. Defendant JAGUAR LAND ROVER NORTH AMERICA, LLC (referred to herein as "JLRNA" or "Defendant") is a Limited Liability Company organized under the laws of the State of Delaware and headquartered in New Jersey.  JLRN's registered agent for service of process in California is CSC-Lawyers Incorporating Service, at 2710 Gateway Oaks Drive, Suite 150N Sacramento, CA 95833.

3. The true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, are presently unknown to Plaintiff who will seek to amend this Complaint to include these DOE Defendants when they are identified.

4. All Defendants, including DOE Defendants, were at all relevant times acting pursuant to a joint enterprise in all respects pertinent thereto, and the acts of each Defendant are legally attributable to the other Defendants.

### JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to the Constitution of the State of California, Article VI, Section 10, as this case is not a cause given by statute to other trial courts.

6. This Court has jurisdiction over each Defendant by virtue of their extensive business dealings and transactions within this state.  Each Defendant is either a corporation or association organized under the laws of the State of California, a foreign corporation or association authorized to do business in California, or does sufficient business, has sufficient minimum contacts with or avails itself of the California market through the manufacturing, production, promotion, sale, marketing and distribution of product in California.  Exercise of jurisdiction by California courts is permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

**GENERAL ALLEGATIONS**

9. On January 09, 2017, Plaintiff leased a new 2016 Land Rover Range Rover, Vehicle Identification Number SALGS2EF9GA301719 (the "Vehicle"), which was manufactured, distributed and/or sold by Defendant.

10. At the time of purchase, Defendant provided Plaintiff with an express warranty concerning the manufacture, operation and performance of the Vehicle, upon which Plaintiff reasonably relied upon when deciding to purchase the Vehicle.

11. Shortly after the purchase, Plaintiff experienced significant and/or excessive nonconformities with the Vehicle which significantly impaired the Vehicle's use, value and/or safety. Such defects/nonconformities include, but are not limited to:

 a. stalling in traffic (safety issue);

 b. engine operating noise;

 c. front end issues; and

 d. other operational problems.

12. Plaintiff delivered the Vehicle to Defendant's authorized repair facilities for repair of the foregoing nonconformities. To date, there have been at least five [5] repair attempts by Defendant and/or its authorized repair facilities. Despite the repeated repair attempts, Defendant and/or its authorized repair facilities have been unable to repair the Vehicle's nonconformities in accordance with Defendant's express and implied warranties.

13. Moreover, the Vehicle has not been repaired within a reasonable time frame and repairs exceed twenty-five [25] days.

14. Despite confirmation of the nonconformities and repeated lengthy repair attempts, Defendant has been unable to correct the nonconformities. These nonconformities substantially impair the use, value and/or safety of the Vehicle. Further, Defendant breached its express and implied warranties and refuses to comply with its obligations under the California Song-Beverly Consumer Warranty Act and Magnusson-Moss Warranty Act.

-3-
COMPLAINT
*Yiftach Tal v. Jaguar Land Rover North America, LLC*

15. Plaintiff has incurred and continues to incur significant damage as a result of the nonconformities and Defendant's failure to honor the applicable express warranties. Such damages include, but not limited to, actual, special, consequential damages, direct out of pocket expenses and loss of use of her Vehicle.

## FIRST CAUSE OF ACTION

**(Breach of Express Warranty- Song-Beverly Consumer Warranty Act; *Civil Code* Section 1790 *et seq*., as against all Defendants)**

16. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in the foregoing paragraphs 1 through 15, inclusive, as though fully set forth in this cause of action.

17. The Vehicle is a "new motor vehicle" pursuant to *Civil Code* §1793.22.

18. Plaintiff is a "purchaser" as defined under the Song-Beverly Consumer Warranty Act (*Civil Code* §1791).

19. Defendant JLRNA is a "manufacturer" and "distributor" as defined under *Civil Code* §1791.

20. Plaintiff's purchase of the Vehicle was accompanied by an express written warranty.

21. The Vehicle has numerous defects and nonconformities covered by the express terms of the warranty which manifested within the applicable express warranty period. The nonconformities substantially impair the use, value and/or safety of the Vehicle to a reasonable person in Plaintiff's situation.

22. Plaintiff delivered the Vehicle to Defendant and/or its authorized repair facility for repairs on numerous occasions in attempts to have the existing express warranties satisfied.

23. Defendant and/or its authorized repair facilities failed to repair the defects and/or nonconformities to match the written warranty after a reasonable number of attempts and, as such, has failed to comply with and breached all applicable warranty requirements.

24. Despite its breach of express warranties, Defendant has refused and continues to refuse to promptly comply with Plaintiff's demand for a refund or replacement of the Vehicle.

25. As a result of Defendant's failure to remedy the defects as alleged above and promptly issue a refund or replacement of the Vehicle, Defendant is in breach of its obligations under the Song-Beverly Consumer Warranty Act.

26. Defendant's continuing breach of its obligations as set forth herein is willful pursuant to the Song-Beverly Consumer Warranty Act and as such, Defendant is liable to Plaintiff for civil penalties in an amount to be proven at trial. Defendant is also liable for Plaintiff's attorneys' fees and costs incurred.

## SECOND CAUSE OF ACTION

**(Breach of Implied Warranty- Song-Beverly Consumer Warranty Act; *Civil Code* Section 1790 *et seq*., as against all Defendants)**

27. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in the foregoing paragraphs 1 through 26, inclusive, as though fully set forth in this cause of action.

28. At all times relevant, Defendant appended to the purchase of the Vehicle a written warranty in the form of a written statement pursuant to which it undertook to preserve or maintain the utility or performance of said Vehicle.

29. Plaintiff's purchase of the Vehicle was accompanied separately, individually, and respectively by Defendants, and each of them, with an implied warranty that the Vehicle was merchantable.

30. At the time of purchase, Defendant was in the business of manufacturing, distributing and/or selling motor vehicles.

31. Defendant breached its respective warranties as implied in said purchase of the Vehicle in that the Vehicle had numerous defects and nonconformities requiring multiple repairs and preventing Plaintiff from using the Vehicle for its intended purpose. As a result thereof, Plaintiff did not receive merchantable goods as impliedly warranted by Defendant; Plaintiff's Vehicle was not the same quality as those generally acceptable in the trade; nor did the Vehicle measure up to the promises or representations stated in the applicable express warranties.

32. Plaintiff incurred out-of-pocket expenses to have the Vehicle repaired and

serviced to attempt to conform the Vehicle to the Defendant's express warranty. Plaintiff has incurred repair costs in amounts according to proof at time of trial.

33. As a further proximate result of Defendant's willful failures to comply with its obligations to Plaintiff, Defendant is liable for Plaintiff's attorneys' fees, costs and civil penalties.

## THIRD CAUSE OF ACTION

**(Breach of Express Warranty – Magnuson-Moss Warranty Act; 15 U.S.C. §2301, *et seq*.)**

34. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in the foregoing paragraphs 1 through 33, inclusive, as though fully set forth in this cause of action.

35. Plaintiff is a "consumer" within the meaning of Section 2301(3) of the Magnuson-Moss Warranty Act ("MMWA").

36. Defendant is a "warrantor" within the meaning of Section 2301(5) of the MMWA.

37. As set forth herein, Defendant expressly warranted the Vehicle within the meaning of Section 2301(6) of the MMWA. Defendant breached its express warranties in the manner described herein.

38. Defendant's breach was a substantial factor and proximate cause in the resulting damages to Plaintiff, which include, but is not limited to: actual, special, incidental and consequential damages in an amount according to proof at trial, in addition to Plaintiff's attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

**(Breach of Implied Warranty – Magnuson-Moss Warranty Act; 15 U.S.C. §2301, *et seq*.)**

39. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in the foregoing paragraphs 1 through 38, inclusive, as though fully set forth in this cause of action.

40. Plaintiff is a "consumer" within the meaning of Section 2301(3) of the MMWA.

41. Defendant is a "warrantor" within the meaning of Section 2301(5) of the MMWA.

42. As set forth herein, Defendant impliedly warranted the Vehicle as being merchantable and fit for a particular purpose, which warranties are implied within the meaning

of Section 2301(7) of the MMWA.  Defendant breached the implied warranties in the manner described herein.

43. As a direct and proximate cause of Defendant's breach and failure to comply with their obligations under the applicable implied warranties, Plaintiff suffered actual, special, incidental and consequential damages in an amount according to proof at trial, in addition to Plaintiff's attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general, special and actual damages according to proof at trial;
2. For rescission of the purchase contract and restitution of all monies expended;
3. For incidental and consequential damages according to proof at trial;
4. For a civil penalty in an amount of two times Plaintiff's actual damages;
5. For prejudgment interest at the legal rate;
6. For reasonable attorney's fees and costs of suit; and
7. For such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues so triable.

Dated:   March 6, 2019            PREMIER LEGAL CENTER, A.P.C.

By: _____
Steven L. Marchbanks, Esq.
ATTORNEY FOR PLAINTIFF